■ In the Matter of ETHERIDGE GOODFELLOW, Appellant, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Stay granted, upon condition that appellant file and serve record and brief on or before April 21, 1958, and is ready for argument at the May Term of this court. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of SOPHIE R. ROSMAN, Petitioner, against ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review a determination of the Comptroller which denied an application for accidental death benefits made pursuant to section 61 of the Retirement and Social Security Law. Decedent was a supervising referee of the Workmen's Compensation Board and a member of the New York State Employees' Retirement System. On December 9, 1952, he suffered an attack of coronary thrombosis due to a pre-existing degenerative condition of coronary sclerosis. Thereafter, following attacks of coronary insufficiency, he was hospitalized on December 19, 1952 until January 14, 1953. He returned to work in March for one day, when he was obliged to return to the hospital because of a recurrent attack, and remained in the hospital until April 19, 1953. Upon the advice of his doctor he remained in a complete state of rest until May, 1953, when he returned to his duties. On November 29, 1954, decedent went by plane to Syracuse on official duties, went to Rochester and Elmira, and returned by plane to La Guardia Airport, arriving in the evening of December 1, 1954. During the trip he had repeatedly complained of not feeling well. Shortly after disembarking from the plane, and while he was walking and carrying a brief case, he collapsed. Oxygen was administered and medical attention provided, but decedent refused to go to a hospital and refused offers of aid. He finally walked about 450 feet to another area of the airport, collapsed again, and died of coronary insufficiency. Some of the medical testimony attributed his death to the walk of 450 feet following the first attack. Other medical testimony was to the effect that decedent died of a coronary occlusion which he had suffered prior to the walk and that effort had nothing to do with his death. Despite the finding that the exertion of the walk of 450 feet " precipitated the coronary insufficiency which resulted in his death " we cannot agree with petitioner's contention that only a question of law is presented. Under the evidence in this record the question of whether the decedent died as the result of an " accident " is a question of fact. The respondent has found as a fact that decedent did not sustain an accident, and, " That the death of Alexander J. Rosman was neither caused by nor was it the natural or proximate result of an accident ". The Workmen's Compensation Board has found otherwise, but such a determination is not binding upon respondent. (Retirement and Social Security Law, § 64, subd. b; *Matter of Owens* v. *McGovern*, 309 N. Y. 449; *Matter of McCadden* v. *Moore*, 276 App. Div. 490, affd. 301 N. Y. 760; *Matter of Daly* v. *State Comptroller*, 2 A D 2d 139, motion for leave to appeal denied 2 A D 2d 905.) Determination confirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.